UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN SOLORZANO PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY SHERIFF DEPARTMENT, et al.,<br><br>Defendants. | Case No. 23-cv-04749-JSW<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at Contra Costa County Jail, filed a civil rights complaint under 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.   LEGAL CLAIMS**

Plaintiff alleges he slipped and fell while cleaning the shower, suffered a slipped disk, and his condition was inadequately diagnosed and treated by jail personnel.  He eventually went to a hospital where it was diagnosed properly and where he received better treatment.  Upon his return to the jail, he has continued to receive inadequate treatment and medication.  He faults Defendant, the Contra Costa County Sheriff's Department, for failing to provide him rubber boots to prevent his fall and for providing him inadequate medical care.

To impose liability upon a municipal entity, such as Defendant, under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiff does not allege any policies at the jail, let alone that such policies caused his injuries.  To state a claim for relief, Plaintiff must allege specific facts that, when liberally construed, plausibly show to a nonspeculative level that the absence of rubber boots and inadequate medical care were caused by jail policies.  He will be given leave to amend to allege such facts, assuming he can do so in good faith.

**CONCLUSION**

1.   The complaint is DISMISSED with leave to amend.

2.   Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 23-4749 JSW (PR)) and the words "COURT-ORDERED FIRST

AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 3, 2023

_____
JEFFREY S. WHITE
United States District Judge