UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN SOLORZANO PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY SHERIFF DEPARTMENT, et al.,<br><br>Defendants. | Case No. 23-cv-04749-JSW<br><br>**ORDER VACATING SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND; OF SERVICE** |

# INTRODUCTION

Plaintiff, an inmate at Contra Costa County Jail, filed a civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff timely filed an amended complaint. (ECF Nos. 11, 12.) A second order of dismissal with leave to amend was inadvertently filed in error (ECF No. 13) and is now VACATED. After reviewing the amended complaint under 28 U.S.C. § 1915A, the Court finds it states cognizable claims for relief and orders it served upon Defendant Contra Costa County Sheriff's Department.

# ANALYSIS

A. **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.    LEGAL CLAIMS**

In the original complaint, Plaintiff alleged he slipped and fell while cleaning the shower, suffered a slipped disk, and his condition was inadequately diagnosed and treated by jail personnel. He eventually went to a hospital where it was diagnosed properly and where he received better treatment. Upon his return to the jail, he has continued to receive inadequate treatment and medication. He complained Defendant, the Contra Costa County Sheriff's Department, failed to provide him rubber boots to prevent his fall and or adequate medical care.

The complaint was dismissed with leave to amend because Plaintiff had not alleged any policies at the jail that caused him to fall or receive inadequate medical care. *See Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The amended complaint, when liberally construed, adequately alleges such policies. Accordingly, when liberally construed, the amended complaint states cognizable claims against Defendant for violating his right to due process by having unsafe conditions at the jail and providing inadequate medical care.

**CONCLUSION**

1. The amended complaint, when liberally construed, states valid claims for relief against Defendant Contra Costa County Sherriff's Department.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint with attachments, and a copy of this order on **the Contra Costa County Sherriff's Department.**

The Clerk shall also mail a courtesy copy of the amended complaint with all attachments

2

1    and a copy of this order to the Contra Costa County Counsel's Office.

2        3.   Defendant shall file an answer in accordance with the Federal Rules of Civil
3    Procedure.

4        4.   To expedite the resolution of this case:

        a.   No later than **91** days from the date this order is issued, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.   At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

        c.   Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **28 days** from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

        d.   Defendant shall file a reply brief no later than **14** days after the opposition is filed.

        e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    5.   All communications by Plaintiff with the Court must be served on Defendant or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

    6.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

3

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: January 29, 2024

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.