UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN SOLORZANO PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY SHERIFF DEPARTMENT, et al.,<br><br>Defendants. | Case No. 23-cv-04749-JSW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 35 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against Contra Costa County Sherriff's Department regarding the conditions of his confinement at the county jail.  Defendant filed a motion for summary judgment arguing, inter alia, Plaintiff did not exhaust his administrative remedies.  Plaintiff did not file an opposition despite being warned of the potential adverse consequences of not doing so.  For the reasons discussed below, the motion for summary judgment is GRANTED.

## DISCUSSION

I.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

1    issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving
2    party has met this burden of production, the nonmoving party must go beyond the pleadings and,
3    by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for
4    trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of
5    material fact, the moving party wins. *Id*.

6    At summary judgment, the judge must view the evidence in the light most favorable to the
7    nonmoving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014). If more than one reasonable
8    inference can be drawn from undisputed facts, the trial court must credit the inference in favor of
9    the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

10   Where, as here, a summary judgment is unopposed, a district court may not grant the
11   motion solely on that basis. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). The
12   court may, however, grant an unopposed motion for summary judgment if the movant's papers are
13   themselves sufficient to support the motion and do not on their face reveal a genuine issue of
14   material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th
15   Cir. 2001). A verified complaint may be used as an opposing affidavit under Rule 56, as long as it
16   is based on personal knowledge and sets forth specific facts admissible in evidence. *See
17   Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995). The operative complaint,
18   the amended complaint, is not verified, but the original complaint is.

19   Exhaustion must ordinarily be decided in a summary judgment motion. *Albino v. Baca*,
20   747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most
21   favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment
22   under Rule 56. *Id.* at 1166.

23   II.   Analysis

24   Plaintiff claims he fell and injured his back when he was cleaning the show. He claims
25   Defendant violated his rights its policies caused him not to receive non-slip footwear while
26   cleaning and not to receive adequate medical care for his injuries. Defendant has presented
27   evidence that Plaintiff did not pursue these claims through his available administrative remedies.
28   There is no evidence to the contrary.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion of the district court.  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).  Courts may not create their own "special circumstances" exceptions to the exhaustion requirement.  *Ross v. Blake*, 578 US. 632, 638 (2016).

The Contra Costa County Sherriff's Department's procedures for inmates to pursue administrative remedies for the conditions of their confinement begin with an informal oral complaint to jail personnel, followed by a formal written grievance, and then an appeal to progressive levels of the jail's chain of command.  Defendant has presented evidence that Plaintiff never filed a formal grievance or appeal regarding the lack of non-slip footwear or inadequate medical care for his back injury.  Plaintiff has presented no evidence to the contrary.  In his original (verified) complaint,[1] he states he wrote "many" grievances, but the "issue always continues," or "sometimes they don't answer."  (ECF No. 1 at 2.)  Notably, Plaintiff does not state he presented any administrative grievances or appeals regarding the claims herein, i.e. the non-slip shoes and medical care for his back injury.  Moreover, the court may not will not read futility or other exceptions into statutory exhaustion requirement"  *Booth*, 532 U.S. at 741 n.6.  To the extent Plaintiff asserts his history of pursuing administrative remedies at the jail convinced him doing so regarding his claims here would be futile, this does not excuse his failure to exhaust.

As there is no dispute that Plaintiff did not pursue his available administrative remedies regarding his claims, there are no triable issues that preclude granting Defendant's motion for summary judgment on exhaustion grounds.[2]

**CONCLUSION**

---

[1] The amended complaint is not verified and does not address exhaustion. Although the original complaint was superseded by his amended complaint, as it was verified and out of an abundance of caution, the Court considers the factual allegations therein to be evidence to the extent they are based upon Plaintiff's personal knowledge.

[2] In light of this conclusion, the Court does not reach Defendant's other arguments for summary judgment.

3

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED, and Plaintiff's claims are DISMISSED without prejudice.

The Clerk shall enter judgment and close the file.

This order disposes of Docket No. 35.

**IT IS SO ORDERED.**

Dated: March 24, 2025

JEFFREY S. WHITE
United States District Judge